STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
CODY A. BOLCE (Bar No. 322725)
  Cbolce@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiff

BOUTIN JONES INC.
Bruce M. Timm (SBN 199679)
Kimberly A. Lucia (SBN 266503)
Andrew M. Ducart (SBN 293714)
555 Capitol Mall, Suite 1500
Sacramento, CA 95814-4603
T: (916) 321-4444 / F: (916) 441-7597
Email: btimm@boutinjones.com
       klucia@boutinjones.com
       aducart@boutinjones.com

Attorneys for Defendant American Modular Systems, Inc.

**UNITED STATES SUPERIOR COURT**

**EASTERN DISTRICT OF CALIFORNIA—SACRAMENTO DIVISION**

| | |
|---|---|
| GASPAR RODRIGUEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN MODULAR SYSTEMS, INC.,<br><br>Defendant. | Case No. 2:24-CV-03006-TLN-SCR<br><br>**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS; [~~PROPOSED~~] PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

The Parties, Plaintiff Gaspar Rodriguez, and the putative class he seeks to represent ("Plaintiff") and Defendant American Modular Systems, Inc. ("Defendant") (together, the "Parties"), by and through their respective attorneys of record, hereby stipulate for the purpose of jointly requesting that the honorable Court enter a Protective Order regarding confidential documents in this matter, pursuant to Fed. R. Civ. P. 5.2, 7, and 26, as well as U.S. Dist. Ct., E.D. Cal. L.R. 141, 141.1, 143, and 251. The Parties agree as follows:

**GOOD CAUSE STATEMENT FOR PROTECTIVE ORDER**

The above-captioned action is likely to involve and disclose private/personal information, including but not limited to, Plaintiff's and putative class members' personnel records (including wage information, personal identifying information), contact information and further potential personal identifying information and confidential business information and/or proprietary information of Defendant such as Defendant's employment and business manuals, agreements, record keeping, commercial information, financial information and internal processes, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, in light of the nature of the claims and allegations in this case and the Parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the

litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories and requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom **and that falls within the parameters of the Good Cause Statement above and** ~~that~~ is deemed to be confidential information by any party to which it belongs.*

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models, prototypes, and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, including paralegals, secretaries, and other support staff employed in the law firms identified below:

---

* So modified by the Court.

-3-
JOINT STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER

1         •   Mallison and Martinez (for Plaintiff Gaspar Rodriguez and the putative

2           class)

3         •   Boutin Jones Inc. (for Defendant American Modular Systems, Inc.)

4     4.     The term "Parties" shall collectively be defined as, and individually each be referred to as a "party," and include Plaintiff Gaspar Rodriguez, and the putative class he seeks to represent, and Defendant American Modular Systems, Inc.

## **GENERAL RULES**

5.     Each party to this litigation that produces or discloses any materials, answers to interrogatories and requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL."

      a.     Designation as "CONFIDENTIAL": A party or non-party subject to this Order may only designate documents or other information in this action as "CONFIDENTIAL" if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

6.     Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

      a.     The deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; a party will have until 14 calendar days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

      b.     The disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other

-4-
JOINT STIPULATION AND [P̶r̶o̶p̶o̶s̶e̶d̶] PROTECTIVE ORDER

than the deponent, counsel (including their staff and associates), a party, the court reporter, and the person(s) agreed upon pursuant to Paragraph 9 below; and

   c. The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of the Court.

  7. All confidential information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or by order of the Court. A designating party, with respect to its own documents, may remove materials from some or all of the protections and provisions of this Stipulation and Order by an express withdrawal in writing.

  8. Information designated "CONFIDENTIAL" must be viewed only by counsel (as defined in Paragraph 3) of the receiving party or that party, by independent experts (pursuant to the terms of Paragraph 9), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has executed a copy of the form attached hereto as **Exhibit A**:

   a. The officers, directors and house counsel (attorneys who are employee of a Party and their support staff) of the receiving party;

   b. Executives who are required to participate in policy decisions with reference to this action;

   c. Technical personnel of the parties with whom counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

   d. Stenographic and clerical employees associated with the individuals identified above.

9. With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same.

10. All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

11. Before any materials produced in discovery, answers to interrogatories or requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If the application to file a document designated as confidential under seal is being made by the non-designating party, then the designating party must promptly file a declaration and/or other papers with the Court providing a legal basis for the confidential designation. If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

12. At any stage of these proceedings, any party may object to a designation of materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties after meeting and conferring within 14 calendar days of receipt of such a notice of objections, the parties may jointly request the Court's assistance with the dispute, in accordance with Judge Troy Nunley's and/or Magistrate Sean Riordan's Standing Orders and/or the Eastern District of California Local Rules. The materials at issue must be treated as confidential information, as designated by the

designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

13. All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

14. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

15. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Further, pursuant to Federal Rule of Evidence 502(d), the following shall govern the inadvertent production of privileged or confidential documents:

    a. If a party discloses information ("Disclosing Party") in connection with the pending action that the party claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information shall not constitute or be deemed a waiver or forfeiture – in this action or any other

action – of any claim of privilege or work product protection that the party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

      b.      The Disclosing Party shall, within seven (7) days of the discovery of the inadvertent disclosure, notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed Protected Information without intending a waiver of disclosure, and identify the Protected Information in a manner that reasonably permits the Receiving Party to easily locate the Protected Information at issue.

      c.      Upon receiving notification of the inadvertent disclosure, the Receiving Party must – promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has, and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information.

      d.      Nothing in this paragraph overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows, or reasonably should know, to be privileged and to inform the Disclosing Party that such materials have been produced.

16. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

17. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information.

18. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

20. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

21. ~~Absent an *ex parte* motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.~~†

22. The restrictions and obligations set forth within this Order will not apply to any information that:

    a. the parties agree should not be designated confidential information;

    b. the parties agree, or the Court rules, is already public knowledge;

    c. the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

    d. has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

---

† So modified by the Court.

23. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by e-mail or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

27. Without separate court order, this Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

Respectfully Submitted:

Dated: June 24, 2025          **MALLISON & MARTINEZ**

By: _____
Stan S. Mallison
Hector R. Martinez
Cody A. Bolce
Attorneys for Plaintiff

Dated: June 24, 2025          **BOUTIN JONES INC.**

By: _____
Bruce Timm
Kim Lucia
Andrew Ducart
Attorney for Defendant
American Modular Systems, Inc.

# [PROPOSED] ORDER

The Parties' foregoing stipulation, as modified by the Court, is approved and adopted as the Order of the Court.

**IT IS SO ORDERED**

Dated: June 30, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ (name), of _____ (address), declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Eastern District of California on _____ (date), in the case of *Rodriguez v. American Modular Systems, Inc*. [2:24-CV-03006-TLN-SCR]. I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity, except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

Name: _____

Signature: _____ Date: